# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2010

Lyle W. Cayce
Clerk

No. 09-41258
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GUSTAVO MALDONADO-OLIVARES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1220-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *in forma pauperis*, Gustavo Maldonado-Olivares appeals his within-Guidelines sentence of 70 months' imprisonment, following his guilty-plea conviction, for being knowingly and unlawfully present in the United States following deportation, in violation of 8 U.S.C. §§ 1326(a) and (b).  Maldonado contends his sentence was procedurally unreasonable because the district court: (1) erroneously based his sentence on finding there was no proof he illegally reentered the United States as a result of his father's alleged murder, and (2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to adequately explain his sentence in the light of his assertions in favor of a lower sentence.  He further maintains his sentence was substantively unreasonable because the district court improperly weighed the sentencing factors, set forth in 18 U.S.C. § 3553(a), by discounting his mitigation claim that he feared for his life after the murder of his father.  Maldonado contends that, even if a presumption of reasonableness applies to his within-Guidelines sentence, he  rebutted the presumption.

Arguably,  Maldonado's procedural objections should be reviewed only for plain error because he arguably failed to raise a specific procedural objection in district court.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Along that line, in district court, Maldonado raised two objections: the court failed to adequately explain the sentence, and it was greater than necessary under § 3553(a).  Maldonado objected on various grounds; but, arguably, his objections were *not* based on any procedural grounds.  *See id.*  For plain-error review, Maldonado must show, *inter alia*, a clear or obvious error affecting his substantial rights.  *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

This claim fails under either the ordinary or plain-error standard of review.  Under the former, it was *not* clear error for the court to discount Maldonado's claim regarding why he illegally reentered the United States, because there was *no* proof his father was killed by a gang in Mexico or that this was Maldonado's reason for entry.  Under the latter, such questions of fact "can never constitute plain error".  *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995) (internal quotations and citation omitted).  Even assuming the district court erred by failing to adequately explain the sentence, Maldonado has *not* shown reversible error.

Maldonado's substantive-unreasonableness claim is reviewed for abuse of discretion.  *Mondragon-Santiago*, 564 F.3d at 360.  Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must still properly

calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). When, as here, the district court imposes a sentence within a properly-calculated guidelines range, we accord great deference to the sentence and apply a rebuttable presumption of reasonableness. *Gall*, 552 U.S. at 51-52; *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

The district court did *not* abuse its discretion in weighing the § 3553(a) factors. Rather, the record reflects the court heard and considered Maldonado's contentions in favor of a lesser sentence but implicitly found they did *not* warrant a lesser sentence in the light of his criminal history, and given the lack of evidence that he fled Mexico because he feared for his life after his father's alleged murder. Moreover, the district court expressly stated it considered the § 3553(a) factors and determined a within-Guidelines sentence satisfied those factors.

Based on the district court's stated reasons, we are satisfied it considered the assertions presented and had "a reasoned basis for exercising [its] own legal decision making authority". *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court considered the totality of the circumstances in the light of the § 3553(a) factors in imposing the sentence. In any event, Maldonado's disagreement with his sentence does *not* suffice to show error in connection with the sentence imposed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Accordingly, he has failed to rebut the presumption of reasonableness that attaches to his within-Guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

Maldonado contends the presumption of reasonableness should *not* apply to sentences under Guideline § 2L1.2 because the Guideline is "penalogically flawed".  Conceding this argument is foreclosed by our precedent, he raises it in order to preserve it for possible further review.  *See Mondragon-Santiago*, 564 F.3d at 366.

AFFIRMED.